On Appication por Rehearing.
Breaux, J.
We have carefully re-examined the issues in this case and have not found it possible, in law, to disturb the conditions accepted by all the parties to the compromise and executed many years ago.
We understand that the fences closing these streets run on the lines agreed upon between the plaintiff and the defendant in 1885— i. e.,'where the streets intersect the right of way, and indirectly affect, the right of way. Other points and other streets, as to the right to close them, are not before us for decision.
We would not be justified in treating the ordinance as void. It must remain in force until decreed null in proceedings to that end.
It may be that the Council desiring to encourage plaintiff’s enterprise has conceded more than it should have conceded; nevertheless the concession was made and has been accepted and the conditions complied with. It has become a fait aeeompli, which, under •any view, is not void, and can not be absolutely ignored by the defendant as attempted by ordering the reopening of the street.
We have not held that a railroad company has the right to build a fence, cutting off a public street or road at its intersection or crossing, but we decided that it has authority to carry out a compromise with a municipal corporation and close a street in accordance with •one of its ordinances looking to the closing of the street and the opening of another thoroughfare, in lieu of the thoroughfare closed. The power to close streets is delegated to the Council. There is no question here of eminent domain or of the exercise of that right; an undeniable right of those having the required interest for its exercise.
*1116 The plaintiff has not made dedication of the street enclosed to public use.
If it had, the compromise would have the effect; of putting an end to that use, at least until annulled in a direct action.
Municipal corporations have no power to pass ordinances transferring a privilege or right for an expressed consideration and afterward repeal them without granting to the transferees of the privilege or right the least hearing.
Our original decree remains undisturbed.